UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KANISHA RUSSELL, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-574-HAB-ALT |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Kanisha Russell's ("Plaintiff") Motion to Vacate Order and Reinstate Case. (ECF No. 5). In her motion, Plaintiff argues, pursuant to Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 1655, the Court should vacate its October 28, 2025 Opinion and Order remanding her case to state court because (1) her prior counsel wrongfully filed her suit in state court "without [her] full knowledge or consent"; (2) she was never given an opportunity "to assert her right to federal jurisdiction"; and (3) her previous counsel's allegedly deficient work "depriv[ed] the Court of a full and fair review of the evidence." (*Id.*). Plaintiff also requests leave to amend her complaint, which she has already filed as a Proposed Amended Complaint. (ECF No. 6).

Plaintiff removed this action from Allen County Superior Court on October 27, 2025. (ECF No. 1). On October 28, 2025, this Court issued its Opinion and Order remanding the case to state court because a plaintiff is not authorized to remove an action to federal court under 28 U.S.C. § 1441(a), and this Court thus has no jurisdiction over Plaintiff's case. (ECF No. 4). The instant motion fails to present cogent legal argument for why this Court should grant her the relief requested. *See Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020) (noting that, even with

liberal pleading standards, a pro se litigant must "present a cogent legal argument with citations to authority and relevant parts of the record"). Even if the Court were to take the assertions made in her Motion as true, Plaintiff simply cannot work her way around the fundamental jurisdictional defect here. Plaintiff did not have the authority to remove her own case to federal court, her suit has now been remanded to Allen County Superior Court, and this Court continues to have no jurisdiction over her case.

Accordingly, Plaintiff's Motion to Vacate Order and Reinstate Case (ECF No. 5) is DENIED, and her request to for leave to file an Amended Complaint is DENIED.

SO ORDERED on November 12, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT